IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY DUDA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | |
| Acting Commissioner of Social Security | : | No. 12-5361 |

## ORDER-MEMORANDUM

**AND NOW**, this 9th day of April, 2014, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Docket No. 8), Defendant's Response thereto (Docket No. 10), Plaintiff's Reply (Docket No. 12), the Report and Recommendation of United States Magistrate Judge Faith Angell (Docket No. 18), and Plaintiff's Objections thereto (Docket No. 19), **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Plaintiff's Request for Review is **DENIED**;

4. The Decision of the Commissioner is **AFFIRMED**.

The Administrative Law Judge ("ALJ") in this case denied Plaintiff's request for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-83f. The ALJ found that Plaintiff had severe impairments involving his neck, back, and shoulder, with pain and mild degenerative changes, and had a non-severe impairment of depressive disorder and a non-severe impairment of the right ring finger. (R. 14.) The ALJ determined at step three of the five-step review process that Plaintiff had the residual functional capacity ("RFC") to perform his past work as a gas meter checker and as a pool servicer at the light exertional level. (R. 19.) The

ALJ found, upon review of the medical evidence, that Plaintiff's physical impairments could reasonably be expected to cause the symptoms he alleged. However, the ALJ rejected Plaintiff's statements concerning the intensity, persistence, and limiting effects of those physical impairments, noting that since his alleged onset date, Plaintiff had received only conservative treatment for his neck, back, and shoulder impairments; rarely used a cane, neck brace and back brace; and could do a fair number of activities consistent with the RFC level determined by the ALJ. (R. 15-19.) Alternatively, the ALJ determined at step five that Plaintiff had the RFC to perform sedentary work with a sit/stand option with limited pushing, pulling, and reaching with the non-dominant arm. (R. 20.)

In his Brief and Statement of Issues in Support of Request for Review, Plaintiff argued, *inter alia*, that the ALJ erred by failing to include his mild limitations with regard to concentration, persistence, and pace in her hypothetical questions to the Vocational Expert ("VE"). (Docket No. 8 at 10-14.) The Magistrate Judge rejected Plaintiff's argument, finding that, because the medical evidence established that Plaintiff did not suffer from a severe mental impairment that interfered with his past work, the ALJ did not err by failing to include a mental health limitation in the VE questions. (Docket No. 18 at 16.) The Magistrate Judge noted that the ALJ adopted the finding of the state reviewing psychologist regarding Plaintiff's mental limitations, which was the only mental health evidence in the record. (Id.) The Magistrate Judge recommended that the failure to include the reviewing psychologist's finding of a mild limitation on concentration, persistence, and pace in the RFC was not error since the lack of any mental impairment was consistent with Plaintiff's description of his social functioning and daily activities, his failure to report any problems with concentrating when completing daily activities, and his lack of complaint that his non-severe depressive disorder interfered with his past work.

(Id.)  The Magistrate Judge also noted that the record failed to show that Plaintiff ever sought specialized mental health treatment; Plaintiff never complained to a medical source that he had limitations in concentration, persistence and pace; and he did not mention any such limitation at the ALJ's hearing.  (Id. at 16-17.)  The Magistrate Judge concluded that the ALJ's determination that Plaintiff's mental impairment was not vocationally significant was supported by substantial evidence.

In his Objections, Plaintiff reasserts the same argument that he presented to the Magistrate Judge.  Having reviewed the entire record, the ALJ's determination, and the Magistrate Judge's Report and Recommendation, we agree with the Magistrate Judge that the ALJ's failure to include the records review psychologist's finding of a mild limitation on concentration, persistence, and pace in the RFC determination is not reversible error.  As the Magistrate Judge noted, there was no treating source medical evidence supporting such a limitation.  The lack of medical evidence supported the ALJ's determination that Plaintiff's mental impairment was non-severe.  The lack of any evidence that this limitation affected Plaintiff's social functioning, daily activities, or his past work, is substantial evidence supporting the ALJ's conclusion that this impairment did not impact the RFC determination at step three or at step five.

BY THE COURT:

/s/John R. Padova

_____
John R. Padova